**Linwood HOWARD, Petitioner,**

v.

**George A. ENGLAND, Director of
Motor Vehicles, Respondent.**

**No. 3470.**

District of Columbia Court of Appeals.

Argued June 22, 1964.

Decided July 31, 1964.

Carl P. Fogel, Washington, D. C., with
whom Samuel H. Suls and Martin Fogel,
Washington, D. C., were on the brief, for
petitioner.

Ted D. Kuemmerling, Asst. Corp. Coun-
sel, with whom Chester H. Gray, Corp.
Counsel, Milton D. Korman, Principal Asst.
Corp. Counsel, and Hubert B. Pair, Asst.
Corp. Counsel, were on the brief, for re-
spondent.

Before QUINN and MYERS, Associate
Judges, and CAYTON (Chief Judge, Re-
tired).

QUINN, Associate Judge.

This is an appeal from an order of the
Director of Motor Vehicles suspending pe-
titioner's operator's permit. The primary
contention is that petitioner was denied a
fair hearing in accordance with established
administrative procedure.

On January 16, 1964, petitioner, while
driving a taxicab, struck and seriously in-
jured two pedestrians. On the same day he
was served with a notice requiring him to
show cause why his operator's permit should
not be suspended. A hearing was scheduled
for January 30, 1964, at 8:30 a. m. and pe-
titioner was so informed. On that date pe-
titioner failed to appear at the time speci-
fied. After waiting until 8:52 a. m. the
hearing officer opened the proceedings by
calling the arresting officer, the only wit-
ness. After his brief testimony, the hear-
ing was concluded at 9:00 a. m. The hear-

ing officer announced that he was suspending petitioner's permit for the reason that he "did operate a motor vehicle in such a manner as to show a flagrant disregard for the safety of persons and property. To wit, * * * [he] did fail to give full time and attention to the operation of a motor vehicle, resulting in bodily injury to pedestrians in a crosswalk."[1] Shortly after 9:00 a. m. it is alleged petitioner appeared at the hearing room carrying a letter from his attorney requesting that the hearing be continued for several days.[2] The hearing officer did not open the letter, nor was petitioner given an opportunity to make a statement. On February 25, 1964, the Director affirmed the hearing officer's finding.

 Respondent contends that petitioner's failure to appear at the appointed hour justified the *ex parte* nature of the proceeding. He relies on Section 5(b) of the regulations which provides in part:

"The operator's permit or privilege of a person served with the aforesaid notice shall, if he fails to appear for the required hearing within the prescribed period, stand suspended or revoked after the expiration of such period, until such time as his permit or privilege may be restored by the Director of Motor Vehicles."[3]

We find Section 5(b) inapplicable here for it refers to a person who *fails* to appear for the required hearing. In the case at bar petitioner's tardiness was excusable. Under the circumstances there was no valid basis for denying him the opportunity to be heard. We rule, therefore, that petitioner did not

receive the fair hearing required by due process. See Ritch v. Director of Vehicles & Traffic of District of Columbia, D.C. Mun.App., 124 A.2d 301 (1956).[4] Accordingly, the order is

Reversed and remanded for proceedings not inconsistent with this opinion.

---

1. The official order of suspension provided: "Suspended pending appearance to offer testimony as directed, final disposition of charges pending in court and final decision of the Department of Motor Vehicles."

2. Counsel was ill and unable to find an attorney who would appear in his behalf. The letter indicated that the Department of Motor Vehicles had been so advised the previous day.

3. Part V of the Traffic and Motor Vehicle Regulations of the District of Columbia.

4. Respondent apparently contemplated some remedial action for the final order of suspension was conditioned upon petitioner's "appearance to offer testimony as directed." The record, however, fails to disclose any attempt to schedule a second hearing.